IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO MEDINA, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-11-0496 |
| v. | : |
| | : (Judge Caputo) |
| WARDEN ROBERT L. RAIGER, *et al.*, | : |
| Defendants | : |

**M E M O R A N D U M**

**I.   Introduction**

On March 16, 2011, Plaintiff Mario Medina, a prisoner housed at SCI-Coal Township, in Coal Township, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 relating to events that occurred while housed at the Lebanon County Prison (LCP).  Named as Defendants in the Complaint are: Warden Raiger; Corrections Officer (CO) Hornberger; CO Wenrick; CO Hartman; CO Gerstner; CO Wentzel; CO Woody; Cpl. Christner; Warden of Treatment Anthony Hauck; Nurse Carey; CO Mease, CO Carpenter and CO Perry.  Mr. Medina alleges that prison officials violated his Eighth Amendment rights when they failed to protect him from assault; used excessive force against him; and denied him medical treatment for his injuries.  Doc. 1, Compl.  He also claims these events were retaliatory in nature.  *Id*.

Presently before the Court is defendants' motion to dismiss and supporting brief.  Doc. 15, Mot. to Dismiss; Doc. 16, Br. in Supp. Mot. to Dismiss.  Several

months have passed without Plaintiff filing any opposition to defendants' motion, or requesting an enlargement of time to do so. Thus, the motion ripe for resolution. For the reasons set forth below, the motion to dismiss will be granted in part, and denied in part. While a number of Mr. Medina's claims for relief will be dismissed, his Eighth Amendment claims of excessive use of force and denial of medical care claims will proceed.

## II.     Standard of Review

On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). To survive a motion to dismiss, a complaint must allege sufficient facts, if accepted as true, state "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at ___, 129 S.Ct. at 1949. The court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1950 (quoting *Twombly*,

550 U.S. at 555, 127 S.Ct. at 1965); *see also* PA Prison Soc. v. Cortes, 622 F.3d 215, 233 (3d Cir. 2010).

In resolving a motion to dismiss pursuant to Rule 12(b)(6), a district court's "inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011)(citing Ashcroft v. Iqbal, 556 U.S. at ___, 129 S.Ct. at 1947-50).  If a party opposing a motion to dismiss does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570, 127 S.Ct. at 1974.

Finally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  *See* Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  However, under no circumstance is a court required to accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  *See* In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n. 8 (3d Cir. 1997).  *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See* Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007).  However, a complaint

that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### III. Statement of Alleged Facts

On March 18, 2009, Mario Medina was escorted by Lebanon County Sheriffs to the Lebanon County Courthouse for sentencing. Doc. 1 at CM/ECF p. 1.[1] At his sentencing hearing, Mr. Medina advised the sentencing judge that he "feared that [his] life was in danger due to the victim of [his] case having relatives in said location (Lebanon C.P.)". *Id*. After approving Plaintiff's plea, the judge "ordered sheriff's (sic) to house [him] at the Lancaster County Jail" until he was transferred to the Pennsylvania Department of Corrections. *Id*. However, the unidentified transporting sheriffs delivered Mr. Medina to the LCP.

On March 20, 2009, Mr. Medina was housed with another inmate and also placed in an exercise area with two other inmates in contradiction to Deputy of Treatment Hauck's administrative segregation order. *Id*. While in the exercise area, Mr. Medina was "involved in a[n] altercation with these inmate". *Id*. Officers Hornberger, Wenrich, Hartman, Gerstner Wentzel, Louden and Woody then "arrived and secured" the inmates with cuffs. *Id*. at CM/ECF pp. 1-2. While handcuffed these officers yelled racial slurs at Mr. Medina, doused him with pepper spray, and

---

[1] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

beat him unconscious. *Id*. at CM/ECF p. 2. During this ordeal, the officers stated that Ms. Martinez, a co-worker and mother of the victim in Mr. Medina's criminal case, sends her regards. *Id*. Officer Wentzel is accused of striking Plaintiff with a metal baton during the assault. Plaintiff was then removed from the recreation area and "forced into a closet" were he was beaten, choked and "subjected to water hose drowning tactics". *Id*. When he was eventually "forced to the medical area," Nurse Carey refused to treat or document his injuries. *Id*. Officer Woody, the Commanding Officer that day, refused to get Mr. Medina any medical assistance or allow him access to water to minimize the effects of the pepper spray. *Id*. Cpl. Christner was the officer "in charge of all officers" on March 20, 2009, and failed to properly monitor, train and supervise the officers as did the Warden and unidentified transporting sheriffs. *Id*.

Plaintiff claims defendants used excessive force against him in retaliation for his criminal acts against their co-worker's daughter; failed to protect him from harm; and denied him medical care. *Id*. Mr. Medina alleges defendants tried to cover up the incident by transferring him to the Lancaster County Jail. *Id*. However, that facility would not accept him due to his apparent injuries, and as a result he was transferred to SCI-Camp Hill. Upon his arrival there state prison officials photographed his injuries and transported him to a local hospital for treatment. *Id*. As relief, Mr. Medina seeks monetary damages. *Id*.

## IV.   Discussion

### A.   Failure to State a Claim against Defendants Mease.

The doctrine of *respondeat superior* does not apply to constitutional claims. *See Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)("Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *see also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)(claims brought under 42 U.S.C. § 1983 cannot be premised on a theory of *respondeat superior*)(citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Rather, each defendant must be shown, via the complaint's allegations, to have been personally involved in the events underlying a claim.  *Iqbal, supra*, __ U.S. at __, 129 S.Ct. at 1948 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Argueta v. United States ICE*, 643 F.3d 60, 72 (3d Cir. 2011)(same).  A defendant in a civil rights action must have personal involvement in the alleged wrongs, which may be shown through allegations of actual involvement in, personal direction of, or knowledge of and acquiescence to the asserted civil rights violations.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)(citations omitted).  "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."  *Id.*  Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement.  *Id.* at 1208.  "In order to satisfy the

'personal involvement' requirement, a complaint need only allege the conduct, time, place and person responsible." *Solan v. Ranck*, 326 F. App'x 97, 101 (3d Cir. 2009)(per curiam)(nonprecedential).

Aside from naming "Officer Mease" as a defendant in this action, Doc. 1 at CM/ECF p. 1, Mr. Medina's Complaint makes no allegations whatsoever concerning Defendant Mease's involvement in the underlying events that allegedly violated his constitutional rights. Therefore, the Court concludes that the Complaint must be dismissed as to Defendant Mease for failure to state a claim upon which relief may be granted.

> **B.     Failure to Train/Supervise Claim Against Hauck, Raiger and Christner.**

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978), "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  The Third Circuit Court of Appeals has held:

> A government policy or custom can be established in two
> ways. Policy is made when a decision maker possessing
> final authority to establish municipal policy with respect to
> the action issues an official proclamation, policy, or edict.
> A course of conduct is considered to be a custom when,
> though not authorized by law, such practices of state
> officials are so permanent and well settled as to virtually
> constitute law.

*Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (brackets and internal quotation marks omitted).  It is not enough "for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality.  The plaintiff must also demonstrate that, through its *deliberate conduct*, the municipality was the 'moving force' behind the injury alleged."  *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 1389, 137 L.Ed.2d 626 (1997) (emphasis in original); *see also Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 124-25 (3d Cir. 2003).

A municipality's or supervisor's failure to properly train its employees and officers can create an actionable violation of a plaintiff's constitutional rights under § 1983.  *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (citing *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989)).

Where the policy in question concerns a failure to train or supervise municipal employees, liability under section 1983 requires that the omission amount to "deliberate indifference" to a constitutional right.  *See Connick v. Thompson,* ___ U.S. ___, ___, 131 S.Ct. 1350, 1359-60, 179 L.Ed.2d 417 (2011); *see also Doe v. Luzerne Cnty.*, 660 F.3d 169, 179-80 (3d Cir. 2011)(citing *City of Canton,* 489 U.S. at 388, 109 S.Ct. at 1204).  This standard is met when the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the municipality can be reasonable said to have been deliberately indifferent to the need.  *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1997).  "In other words, a municipality can only be liable

under § 1983 where the failure to train demonstrates a 'deliberate' or 'conscious' choice by the municipality." *Doe,* 660 F.3d at 179. A municipality's " 'policy of inaction' in light of notice that its program will cause constitutional violations 'is the functional equivalent of a decision by the [policymaker] itself to violate the Constitution." *Connick*, ___ U.S. at ___, 131 S.Ct. at ___ (quoting *Canton*, 489 U.S. at 395, 109 S.Ct. at 1208). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *See Connick*, ___ U.S. ___, 131 S.Ct. at 1360; *see also Kelly v. Borough of Carlisle*, 622 F.3d 248, 265 (3d Cir. 2010). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause of violation of constitutional rights." *Connick*, ___ U.S. ___, 131 S.Ct. at 1360. "A less stringent standard of fault for a failure-to-train claim would result in *de facto respondeat superior* liability on municipalities". *Id*. Nonetheless, a particular "showing of 'obviousness' can substitute for the pattern of violations ordinarily necessary to establish municipal culpability." *Id.* at . ___, 131 S.Ct. at 1361; *see also Christopher v. Nestlerode*, 240 F. App'x 481, 489-90 (3d Cir. 2007). The argument that "a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability." *City of Canton*, 489 U.S. at 390-91, 109 S.Ct. at 1206. Finally, the plaintiff must "prove that the deficiency in training actually caused [the constitutional violation at issue]." *Doe*, 660 F.3d at 180 (quoting *City of Canton,* 489 U.S. at 391, 109 S.Ct. at 1206.)

Defendants assert that Mr. Medina has failed to state a claim against Deputy of Treatment Hauck, Warden Raiger and Cpl. Christner for which relief can be granted.  The Court agrees.  Plaintiff's claims against these defendants are indeed sparse and based on their supervisory capacities.  Mr. Medina does not aver that Mr. Hauck, the Warden of Treatment, personally violated his civil rights, rather he claims unknown individuals went against the "orders issued by Defendant Hauck when they placed him in a double cell, and then placed him an exercise yard with other inmates where he became embroiled in an altercation.  Doc. 1 at CM/ECF p. 1.  As previously noted, liability cannot be predicated solely on the doctrine of *respondeat superior*.  *See Rode, supra.*  There are no other allegations involving Defendant Hauck.  Thus, he fails to state a claim against Defendant Hauck.

With respect to Warden Raiger and Officer Christner, Mr. Medina asserts that:

> Defendant Christner was in charge of all officers [on March 20, 2009] and failed to properly monitor, train and supervise the officers as did the Warden and Sheriff's (sic) who delivered me to this hostile prison with indifference to the obvious danger to my safety and in ignorance of the order of judge at sentencing.

Doc. 1 at CM/ECF p. 2.  Although not purported to have been personally involved in the alleged assault or the denial of medical care by the other defendants, Mr. Medina seeks to hold Warden Raiger and Officer Christner responsible on theory that they failed to properly "monitor, train and supervise" the actions of their subordinates.  Doc. 1 at CM/ECF p. 1.  Based on the allegations of the Complaint he cannot do so.

-10-

While there is no requirement that Mr. Medina identify a specific policy in order to survive a motion to dismiss, *see Carter*, 181 F.3d at 358, the court finds that his Complaint is wholly lacking in any allegations supporting the existence of a municipal policy or custom that caused his constitutional rights to be violated. Generic allegations that the involved officers were improperly trained or supervised, or that Mr. Medina would not have been injured on March 20, 2009, had the officers received additional or better training or supervision, are insufficient to make out a claim of deliberate indifference against Officer Christner or Warden Raiger. Mr. Medina neither asserts that these defendants knew of the offending officers propensity to retaliate against inmates by assaulting them or denying them medical care, nor that the risk of harm posed by their subordinates was so obvious that their interaction with Plaintiff needed to be more closely monitored. As such, Mr. Medina fails to state a failure to train or failure to supervise claim against Warden Raiger or Officer Christner.

### C.     Retaliation

To prevail on a retaliation claim, a prisoner must show that: (1) he engaged in constitutionally protected conduct; (2) he suffered some "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the decision to discipline him. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Merely alleging the fact of retaliation is insufficient. "As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct

-11-

which led to the alleged retaliation was constitutionally protected." *Id.* at 333.

Mr. Medina alleges that numerous defendants assaulted him "in retaliation" for his criminal offenses against their co-worker's daughter. *See* Doc. 1, Compl. While Plaintiff believes defendants' action were retaliatory in the definitional sense of the word, he does not assert a legal claim of retaliation. Clearly, while Mr. Medina suggests defendants sought to punish him for his victimization of their co-worker's daughter, it is implausible that his criminal activity for which he alleged triggered the retaliation was a constitutionally protected activity. As such, he has failed to meet the first prong of a retaliation claim. Thus, the Court finds that Mr. Medina fails to state a retaliation claim because under any reasonable reading of the Complaint, Mr. Medina fails to allege defendants actions were taken due to his participation in a constitutionally protected activity.

### D. Failure to Protect

The Eighth Amendment imposes "a duty upon prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997). To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834-35, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). Prison officials exhibit deliberate indifference when they know of, and disregard, an excessive risk

to the inmate's safety. *Id.*

Mr. Medina alleges that he advised his sentencing judge and the transporting sheriffs that he "feared that [his] life was in danger due to the victim of [his] case having relatives in said location (Lebanon C.P.)" Doc. 1 at CM/ECF p. 1. He, however, makes no allegations that he alerted any LCP prison officials of his concerns for his safety if housed at the facility, or that he had reason to fear any inmate or staff at the institution. As such, there are no averments in the Complaint to remotely suggest that any of the Defendants were deliberately indifferent to a known threat to Plaintiff's safety and well being while housed at LCP.

### E. The Remainder of Plaintiff's Claims are not Subject to Dismissal.

Mr. Medina's remaining claims are lodged against Officers Hornberger, Wenrich, Hartman, Gerstner Wentzel, Louden, Woody and Nurse Carey and are not subject to dismissal at this time. The following claims remain: (1) Eighth Amendment excessive use of force stemming from the March 20, 2009, event involving Officers Hornberger, Wenrich, Hartman, Gerstner Wentzel, Louden and Woody[2] and (2) Eighth Amendment claim that these offices and Nurse Carey were

---

[2] In order for a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Defendants assert they used only the force necessary to regain control over the exercise yard after Mr. Medina was involved in an altercation with two other inmates. Mr. Medina alleges he did not resist Defendants when then entered the recreation area and that the force they used against him was excessive and the assault motivated by the fact that the victim of his crime was the daughter or their co-worker. Accordingly, Plaintiff's Eighth
(continued...)

deliberately indifference to his serious medical needs following the March 20, 2009, assault.[3]

## V.      Conclusion

For the reasons stated above, the Defendants' motion to dismiss (doc. 15) is granted in part, and denied in part. The following claims and defendants are dismissed: (1) all claims against defendants Mease, Raiger, Christner and Hauck; (2) Mr. Medina's Eighth Amendment failure to protect claim against all defendants; and (3) Mr. Medina's claim of retaliation. However, with respect to Mr. Medina's Eighth Amendment claims of excessive use of force and denial of medical care, the motion is denied.

An appropriate order will follow.

>                    /s/ A. Richard Caputo
>                    A. RICHARD CAPUTO
>                    United States District Judge

Date: March   7th   , 2012

---

[2](...continued)
Amendment excessive use of force claim involves disputes of fact and credibility determinations that cannot be decided at the motion to dismiss level.

[3] The Eighth Amendment, through its prohibition on cruel and unusual punishment, mandates that prison officials not act with deliberate indifference to a prisoner's serious medical needs by denying or delaying medical care. In order to establish that inadequate medical care has risen to the level of a Constitutional deprivation, an inmate-plaintiff must demonstrate that he had a "serious medical need" to which the defendants were "deliberately indifferent." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Mr. Medina alleges that he suffered from various injuries which the remaining defendants were aware of and refused to provide him treatment for non-medical reasons. As such, he has asserted an claim of deliberate indifference against Hornberger, Wenrich, Hartman, Gerstner, Wentzel, Louden, Woody and Nurse Carey.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO MEDINA, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-11-0496 |
| v. : | |
| : | (Judge Caputo) |
| WARDEN ROBERT L. RAIGER, *et al.*, : | |
| : | |
| Defendants : | |

# O R D E R

**AND NOW**, this  **7th**  day of **MARCH, 2012**, it is ordered that:

1. Defendants' Motion to Dismiss (doc. 15) is granted in part and denied in part.

2. Defendants Mease, Raiger, Christner and Hauck are dismissed from this action due to Mr. Medina's failure to state a claim against them.

3. Mr. Medina's failure to protect and retaliation claims are dismissed without prejudice.

4. Mr. Medina's Eighth Amendment excessive use of force claim will proceed against Hornberger, Wenrich, Hartman, Gerstner Wentzel, Louden and Woody.

5. Mr. Medina's Eighth Amendment claim of deliberate indifference to his serious medical needs will proceed against Hornberger, Wenrich, Hartman, Gerstner Wentzel, Louden, Woody and Nurse Carey.

6. Defendants are granted twenty-one (21) days from the date of this Order to file an Answer to the Complaint.

　　　　　　　　　　　　　　　　　　　　**/s/ A. Richard Caputo**
　　　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**